**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**TANIYA LALL JIMENEZ,**

    **Plaintiff,**

**v.**                                                    **Case No:  6:18-cv-2152-Orl-40LRH**

**CVC HOSPITALITY, INC.,
CHRISTOPHER KERSEY, CRAIG V.
COOK and HILARY TIMBES,**

    **Defendants.**

## REPORT AND RECOMMENDATION

This cause came on for consideration upon review of the Plaintiff's amended complaint (Doc. 35). For the reasons discussed below, the undersigned recommends that the Court decline to exercise supplemental jurisdiction over the state law claims asserted in the amended complaint and remand the case to state court.

### I.  Procedural History

In October 2018, the Plaintiff, who is proceeding *pro se* and is an attorney, filed a complaint in state court asserting several state and federal law claims against the Defendants. In short, the Plaintiff alleged that the Defendants, her employer and supervisors, subjected her to unlawful discrimination, harassment, disparate treatment, retaliation, defamation, and constructive termination of her employment. (Doc. 1-1 (Complaint)).

On December 27, 2018, the Defendants removed the case to this Court on the basis of federal question jurisdiction, 28 U.S.C. § 1331. (Doc. 1).

On January 2, 2019, the Defendants filed a motion seeking to dismiss some, but not all, of the claims asserted in the Complaint. (Doc. 7 (Motion to Dismiss)).[1] The Plaintiff did not file a timely response to the Motion to Dismiss.

Rather than responding to the Motion to Dismiss, on January 25, 2019, the Plaintiff filed a motion to remand to state court. (Doc. 15 (Motion to Remand)). In the Motion to Remand, the Plaintiff argued that the case should be remanded to state court because: 1) the Defendants' notice of removal was procedurally defective; and 2) an amended complaint was filed in state court shortly following removal that no longer contains any federal claims. (Docs. 15 at 3-6; 15-3).

On February 8, 2019, the Defendants filed a response in opposition to the Motion to Remand. (Doc. 19).

On February 13, 2019, the Court entered an order stating the following:

It appears that Plaintiff filed an amended complaint in state court after the notice of removal was filed. It would be a needless waste of judicial resources for this Court to resolve Defendants' Motion to Dismiss based on the original complaint if Plaintiff intends to file an amended complaint.

(Doc. 21 at 1). In light of this observation, the Court permitted, but did not require, the Plaintiff to file an amended complaint in this case on or before March 1, 2019. (*Id.*).

On February 21, 2019, the Plaintiff filed an unopposed motion for extension of time to file her amended complaint pending the Court's ruling on the Motion to Remand. (Doc. 24). Later that same day, the Court entered an order denying the motion, stating:

Because Plaintiff contends that she will include no federal causes of action in an amended complaint, the Court needs to consider the complaint in conjunction with the motion for remand to determine whether it will decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

---

[1] The Defendant CVC Hospitality, Inc., filed an answer to the claims that it did not seek to dismiss. (Doc. 6).

(Doc. 25). Thus, the deadline for the Plaintiff to file the amended complaint remained March 1, 2019. However, the Plaintiff did not file an amended complaint by the deadline.

Due to the Plaintiff's failure to file an amended complaint, it appeared as though the Plaintiff wished to proceed on the claims asserted in the Complaint. Thus, on March 12, 2019, the Court set a hearing to address the Motion to Dismiss and Motion to Remand. (Doc. 29).

On March 29, 2019, the Court held a hearing on the Motion to Dismiss and Motion to Remand. (Doc. 33). The Plaintiff and counsel for the Defendants appeared at the hearing. (*Id.*). Prior to addressing the Motion to Dismiss and Motion to Remand, the Court discussed the procedural history of the case and asked the Plaintiff whether she intended to proceed on any of the federal claims in the Complaint. In response, the Plaintiff stated that she did not wish to proceed on any of her federal claims and only wished to proceed on her state law claims. As such, the Plaintiff made an *ore tenus* motion for leave to file an amended complaint no later than April 9, 2019, which was the deadline for the parties to amend their pleadings (Doc. 31 at 1). In response, the Defendants stated that they had no objection to the Plaintiff's request for leave to file an amended complaint. Upon consideration, the Court granted the Plaintiff's *ore tenus* motion and directed her to file her amended complaint no later than April 9, 2019. (Doc. 34).[2]

On April 9, 2019, the Plaintiff filed an amended complaint, which only contained state law claims. (Doc. 35 (Amended Complaint)).

---

[2] Since the Court granted the Plaintiff leave to file an amended complaint, the Court declined to address the Motion to Dismiss and Motion to Remand at the hearing given the effect an amended complaint would likely have on those motions.

**II.     Analysis**

At the time the Defendants removed the case, the Plaintiff's complaint contained claims asserted under federal law, namely Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. Accordingly, the Court had original jurisdiction over the Plaintiff's federal claims, 28 U.S.C. § 1331, and supplemental jurisdiction over the Plaintiff's state law claims, 28 U.S.C. § 1367(a). The Plaintiff has since filed her Amended Complaint, which contains only state law claims. (Doc. 35). Thus, the Court must examine whether it continues to have original jurisdiction over this case and, if not, whether it should continue to exercise supplemental jurisdiction over the state law claims.

"The Court *sua sponte* may raise a jurisdiction defect at any time." *Baggett v. First Nat'l Bank of Gainesville*, 117 F.3d 1342, 1352 (11th Cir. 1997) (citations omitted). Here, the removal of federal claims deprives the Court of federal question jurisdiction. Further, there is nothing in the record to establish that the Court has diversity jurisdiction over this case; to the contrary, it appears that all parties are citizens of Florida. (*See* Docs. 1; 1-1; 35). Thus, as it stands, the Court no longer has original jurisdiction over this case and, consequently, there is no independent original jurisdiction to support the Court's exercise of supplemental jurisdiction over the state law claims.

This is not the end of the analysis, however. The Court must next determine, in its discretion, whether it should retain or decline to exercise supplemental jurisdiction over the state law claims. *See* 28 U.S.C. § 1367(c)(3); *Behlen v. Merrill Lynch*, 311 F.3d 1087, 1095 (11th Cir. 2002) ("The court had discretion to retain jurisdiction over the state law claims even after [the plaintiff] amended the complaint to remove any federal cause of action."). In determining whether to retain supplemental jurisdiction, the Court "should consider and weigh . . . the values of judicial economy, convenience, fairness, and comity[.]" *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343,

350 (1988). When the "balance of these factors" indicates that the case should be remanded, "as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain," the Court should decline to exercise its supplemental jurisdiction. *Id*. The Court, though, must be on guard for forum-shopping. *Id.* at 356 n.12. However, this concern does not "necessitate a blanket prohibition on remands when the federal district court's jurisdiction over a case is inherently discretionary." *Id*.

The undersigned has considered each of the *Carnegie-Mellon* factors. First, the case has been pending in this Court for a short period of time and the Court has not ruled on any substantive motions. Thus, the Court has not expended considerable resources at this stage in the proceedings and, as such, declining supplemental jurisdiction would be judicially economical. *See Carnegie-Mellon Univ.*, 484 U.S. at 351 n.7 ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."); *Lake Cty. v. NRG/Recovery Grp., Inc.*, 144 F. Supp. 2d 1316, 1321 (M.D. Fla. 2001) (remanding where the court had not expended a significant amount of judicial labor). Second, the Plaintiff is now only asserting state law claims against the Defendants. (Doc. 35). Thus, concerns of comity weigh in favor of declining supplemental jurisdiction. *Baggett*, 117 F.3d at 1353 ("State courts, not federal courts, should be the final arbiters of state law."). Third, this case originated in state court and it appears that each of the parties reside in Central Florida. (*See* Docs. 1; 1-1; 35). Thus, it does not appear that the parties will be inconvenienced by litigating this case in state court. Fourth, the Defendants have been aware of the Plaintiff's intent to have this case remanded to state court and, despite this awareness, did not oppose the Plaintiff's request to file an amended complaint that only asserted state law claims. The Defendants should have been

aware that the filing of the Amended Complaint would cause the Court to consider whether it should exercise supplemental jurisdiction over the state law claims. Yet, the Defendants did not condition their lack of opposition on the Court exercising supplemental jurisdiction over the state law claims. Thus, on this record, there is nothing to suggest that declining to exercise supplemental jurisdiction over the state law claims would be unfair to any party. In light of the foregoing, the undersigned finds that each of the *Carnegie-Mellon* factors weigh in favor of not exercising supplemental jurisdiction over the Plaintiff's state law claims.

As a final matter, the undersigned recognizes that the Plaintiff sought to file the Amended Complaint in the hopes that the case would be remanded to state court. The Plaintiff's attempt to manipulate the forum weighs in favor of the Court exercising supplemental jurisdiction over her state law claims. That said, the Plaintiff's forum manipulation is not by itself enough to tip the scales in favor of exercising supplemental jurisdiction where each of the *Carnegie-Mellon* factors weigh against exercising supplemental jurisdiction. *See Carnegie-Mellon*, 484 U.S. at 356 n.12 (noting that the concern of forum shopping does not "necessitate a blanket prohibition on remands when the federal district court's jurisdiction over a case is inherently discretionary."); *see also M.J.W. v. Jackson Hosp. & Clinic*, 2016 WL 6573968, at *4 (M.D. Ala. Nov. 4, 2016) (declining to exercise supplemental jurisdiction despite the plaintiff's ostensible forum shopping because each of the *Carnegie-Mellon* factors weighed in favor of not exercising supplemental jurisdiction).

In summary, the undersigned finds that the Court should decline to exercise supplemental jurisdiction over the Plaintiff's state law claims in the Amended Complaint and remand the case to state court. *Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cty, Fla.*, 402 F.3d 1092, 1123 (11th Cir. 2005) ("Because this case was originally filed in state court and removed to federal court

pursuant to 28 U.S.C. § 1441, if the district court declines to continue to exercise supplemental jurisdiction, [the] remaining claim[s] should be remanded to state court.").

### III. Conclusion

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Court **DECLINE** to exercise supplemental jurisdiction over this case.

2. The case be **REMANDED** to state court.

3. All pending motions be **DENIED AS MOOT**.

4. The Clerk be **DIRECTED** to close the case.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. **If the parties have no objection to this Report and Recommendation, they may promptly file a joint notice of no objection**.

Recommended in Orlando, Florida on April 12, 2019.

*[signature]*

LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy